UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-Civ-61454-COHN
MAGISTRATE JUDGE P.A. WHITE

LEIGHTON BINNS,                          :

    Petitioner,                   :

v.                                       :        REPORT OF
                                                  MAGISTRATE JUDGE
WALTER A. McNEIL,                        :

    Respondent.                   :
_____

## I. Introduction

Leighton Binns, who is presently confined at South Bay Correctional Facility in South Bay, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number 02-0038, entered in the Seventeenth Judicial Circuit Court for Broward County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus, the Respondent's response to an order to show cause and appendix of exhibits.

## II. Procedural History

Binns was charged with sexual battery by a person with familial or custodial authority and four counts of indecent assault for molesting his two daughters. [DE# 12, Ex. 3, attachment 1; Ex.

1

7, attachment 1]. The sexual battery allegedly occurred between October 10, 1998 and November 30, 1999, and the assaults occurred between October 10, 1998 and September 30, 1999. [DE# 12, Ex. 3, attachment 1]. Charges pertaining to the younger daughter were eventually dropped and trial proceeded only as to the older daughter. The younger daughter was flown in from Jamaica and was ready to testify as a character witness.[1] (T. 176). Defense counsel objected to the character testimony; the court reserve ruling at the start of trial. (T. 177).

During jury selection, defense counsel moved to strike venire member Mazzella for cause, stating "[a]lthough I do believe he said he could be fair and impartial, the others over here said they couldn't be. Mr. Mazzella, in the abundance of caution, ... the wife was four years old and molested, and I would like to challenge him for cause." (T. 148). The court denied the cause challenge because Mazzella did not say anything that would lead the court to believe he could not be fair. (T. 148). The defense objected to the panel under state law (Trotter v. State), because it had to use its last peremptory challenge to strike Mazzella after the cause challenge was denied. (T. 153). Had counsel not used his final peremptory to strike Mazzella, he "most likely would have back-struck Abby Rosenberg...." (T. 153). The court responded "I think you were in agreement that, quite frankly, Mr. Mazzella did not rise to the level of a cause challenge. So I think in all fairness, the Court's ruling should stand. And therefore, we will seat this jury." (T. 153). Defense counsel requested an extra peremptory which the trial court denied. (T. 153).

---

[1] See § 90.404(2)(b), Fla. Stat. ("In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestations is admissible, and may be considered for its bearing on any matter to which it is relevant.").

The victim testified she and her younger sister moved from Jamaica to live with their father, older brother and other relatives. (T. 203). The victim, who was fourteen years old at the time the offenses began and twenty at the time of trial, could not recall specific dates when the molestation occurred. However, she knew her father first raped her a few weeks after she and her sister arrived in the United States and sexual acts continued until about two years later when she was sixteen. (T. 222, 268). The victim's mother and Binns' wife, Glorine, was able to provide more specific dates. She testified the girls came to the United States on October 10, 1998. (T. 295). Glorine remained in Jamaica while her papers were being finalized and joined the family on November 14, 2001. (T. 330). Binns admitted at trial he lived in the United States for more than two years with his daughters while Glorine remained in Jamaica. (T. 370).

During the period while Glorine was still in Jamaica, police and counselors came to the house to ask the victim whether Binns molested her. (T. 223). The visit was prompted by the victim's sister reporting "that it had happened to her" when she was arrested for skipping. (T. 223). The victim denied the abuse because she was afraid of Binns and of "what he might do if I tell." (T. 224). The victim told her sister about the abuse. She also told her mother in letters which Glorine never received; the victim found the letters in Binns' pockets. (T. 224). On cross-examination, defense counsel asked whether the victim had seen Binns abuse anyone else, or if she only knew about herself. The victim responded "I found out about my sister." (T. 259). Defense counsel objected. Outside the jury's presence, the court instructed the victim to answer the question with a "yes" or "no," and only to state what she personally saw. (T. 263).

3

The victim explained she was frightened of Binns because he kept a gun and told her he brought her into this world and could take her out. (T. 216). The victim took this to mean he would hurt her. (T. 217). The State introduced a gun into evidence over defense objection to corroborate the victim's testimony:

> MS. ZACK [the prosecutor]: [The gun] ... corroborates the victim's testimony concerning the threats made to her why she didn't immediately come forward....
> THE COURT: ... The court is going to overrule the objection and receive it into evidence. I specifically find that it certainly corroborates the testimony. And that it is – even of course, all evidence is prejudicial, but it is certainly highly probative of the testimony that has been adduced.

(T. 220-21).

Binns admitted the gun was his but denied using it to threaten anyone. (T. 364).

After Glorine rejoined the rest of the family in the United States in 2001, the victim told her about the abuse. Glorine confronted Binns in front of the victim. (T. 225). He hung his head, admitted the allegation, said he was "messed up" on drugs and was sorry. (T. 228, 307). Defense counsel's objection was overruled because the statement falls under the party admission exception to the hearsay rule. (T. 226-27).

Binns testified that Glorine coerced the victim to say he abused her because he was strict with his kids and did not let them go to parties or sleep overnight at their friends' houses. (T. 371). He denied he ever had sex with the victim or touched her

4

inappropriately. (T. 359-60).

Before closing arguments, the court instructed the jury that the lawyers' statements were not evidence. (T. 396). The prosecutor argued there was no reasonable doubt of Binns' guilt, it was not surprising he denied the allegations at trial, the coercion defense was not persuasive, the gun corroborated the victim's fear of Binns, and the lack of physical evidence and length of time to report the abuse did not mean the abuse did not occur. (T. 397-419, 440-47).

During the State's initial closing argument, the court called a recess and excused the jury from the courtroom when Glorine disrupted the proceedings. The following transpired:

> MR. O'CONNELL [defense counsel]: Okay. It appears that, Your Honor, at about 3:10 or 3:09, and we have just taken a brief recess during [the State's] closing, the victim's mother was crying, and wailing, and fell to the ground, and was quite loud.
>
> In a very professional manner, the deputies took her out and the EMS was called. I would respectfully move for a mistrial because of the outburst. The jury may take that outburst as showing sympathy and may give her a lot of sympathy towards that and attach that towards the alleged victim, and thus, adversely affect my client's right to due process and having a fair trial.
>
> If the motion is denied I respectfully request a curative instruction.
>
> THE COURT: Clearly, I don't know why the outburst occurred, and I don't know whether it was sincere or not sincere. I don't know these things. But what I do know is

that the Court will instruct the jury to please disregard
it.... Okay?

(T. 408-09).

Counsel did not respond. (T. 409). The jury returned to the
courtroom and the court provided the following curative
instruction:

> [B]efore [the prosecutor] resumes her argument, let me
> advise you that you must base your verdict solely on the
> evidence that is presented in this courtroom and on the
> law that this Court will instruct you. Please do not be
> in anyway influenced by the outburst that you witnessed
> just a few moments ago. It has nothing to do with this
> case.
>
> Please put it out of your mind. Base your verdict
> solely on the evidence and solely on the law that this
> Court will instruct you.
>
> During the instruction, when I give you the
> instructions, I will tell you that prejudice, bias or
> sympathy have no role in the case. And basically, you
> should not have prejudice, bias or sympathy for or
> against the State or for or against the defendant, and
> base your verdict in this case simply on the evidence and
> on the law.

(T. 410).

The jury found Binns guilty as charged. [DE# 12, Ex. 3,
attachment 3]. The court sentenced him to life for sexual battery
and fifteen years for the indecent assaults, concurrent. [DE# 12,
Ex. 3, attachment 5]; ([DE# 12, Ex. 3, attachment 1) (August 5,
2004, transcript at 17).

On direct appeal, Binns argued the trial court erred by refusing to grant an additional peremptory strike to eliminate a named juror (see T. 151-53) after erroneously denying a cause challenge (Mr. Mazzella). [DE# 12, Ex. 3, attachment 6]. The Fourth District Court of Appeal per curiam affirmed on January 25, 2006. Binns v. State, 920 So. 2d 9 (Fla. 4th DCA 2006) (4D04-3303).

On January 9, 2007, Binns filed a petition for writ of habeas corpus in the Fourth District.[2] [DE# 12, Ex. 1]. He argued appellate counsel was ineffective for failing to raise the following issues on direct appeal: (1) admission of a firearm into evidence; (2) double jeopardy because the sexual battery and indecent assault arose from the same incident; (3) hearsay testimony that the victim reported she was abused and that Binns confessed to the girls' mother; (4) insufficient evidence as set forth in the motion for judgment of acquittal; (5) prosecutorial misconduct in closing argument that shifted burden of proof; and (6) mother's outburst that was preserved by a motion for mistrial. The Fourth District found Binns' double jeopardy argument to be partially meritorious because counts two and four occurred during a single criminal episode. The court directed the trial court to vacate the conviction and sentence on one of those counts. Binns v. State, 979 So. 2d 439 (Fla. 4th DCA 2008) (4D07-181). The mandate issued on May 9, 2008. [DE# 12, Ex. 5].

Binns filed a motion for post conviction relief in State court on February 20, 2007. [DE# 12, Ex. 6]. He argued trial counsel was ineffective for failing to: (1) file a bill of particulars to more narrowly identify the date of the offense; (2) investigate an alibi

---

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

defense including two  witnesses who would have testified that
Binns was in Jamaica at the time alleged; (3) investigate his
wife's bias to entice his daughters to lie and accuse him; (4)
object to evidence that he also molested his younger daughter where
he was only tried for molesting the older daughter; and (5)
investigate and introduce evidence of Binns' actual innocence. The
trial court denied relief. [DE# 12, Ex. 8]. The Fourth District per
curiam affirmed on June 25, 2008. Binns v. State, 985 So. 2d 546
(Fla. 4th DCA 2008) (4D08-526). The mandate issued on July 25,
2008. [DE# 12, Ex. 12].

Binns filed the instant petition on September 5, 2008, raising
numerous grounds of ineffective of trial and appellate counsel and
trial court error. He argues trial counsel was ineffective for
failing to: file a motion for bill of particulars (Claim 1);
investigate two alibi witnesses (Primrose Walcott and Marjorie Lim
Sang) who would have testified he was in Jamaica at the time the
offense occurred (Claim 2); investigate his wife's bias and motive
to entice his daughters to lie about the alleged incident (Claim
3); object to testimony regarding molestation of a victim who
refused to testify against him (Claim 4); investigate and present
evidence of petitioner's actual innocence at trial (Claim 5);
analyze the effect of hearsay testimony of the alleged victims who
were enticed to lie by their mother Glorine (Claim 7). Binns argues
appellate counsel was ineffective for failing to: object when a gun
was admitted into evidence at trial where petitioner was not
charged with any firearm offense (Claim 6); argue Glorine's hearsay
testimony that petitioner admitted abusing his daughters was
erroneously admitted (Claim 8); raise the issues preserved by
petitioner's motion for judgment of acquittal that there was
insufficient evidence of familial custodial sexual battery (Claim
9); argue the State's closing shifted the burden of proof and

constituted prosecutorial misconduct (Claim 10); argue the victims' mother fell to the ground and disrupted the court proceedings improperly bolstered the victim's testimony (Claim 11). Binns also argues the trial court erred in refusing to grant him an additional peremptory challenge after erroneously denying a cause challenge, resulting in the seating of an objectionable juror (Claim 13).

### III. Statute of Limitations

The Respondent concedes the instant petition was timely filed.

### IV. Exhaustion

The Respondent argues Claims 7 and 12 are unexhausted and exhaustion would be futile. This Court will address these claims on the merits in the interest of judicial economy. See Lambrix v. Singletary, 520 U.S. 518 (1997) (although procedural issues should generally be addressed before considering the merits of a claim, the courts may reach the merits first in the interest of judicial economy); Peoples v. Campbell, 377 F.3d 1208 (11th Cir. 2004) (a habeas petition can be denied on the merits notwithstanding the applicant's failure to exhaust state-court remedies).

### V. Standard of Review

Section 104(d) of the AEDPA provides that a prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the decision of the state court was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005); <u>Williams</u>, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. <u>Hall v. Head</u>, 310 F.3d 683, 690 (11th Cir. 2002) (citing <u>Williams</u>, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. <u>See Early v. Packer</u>, 537 U.S. 3, 8 (2002); <u>Parker v. Sec'y, Dep't of Corr.</u>, 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. <u>Id.</u> Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. <u>See</u> 28 U.S.C. § 2254(e)(1); <u>Putman v. Head</u>, 268 F.3d 1223, 1241 (11th Cir. 2001).

Binns seeks habeas relief based on ineffective assistance of counsel. The United States Supreme Court clearly established the law governing ineffective assistance of counsel in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The <u>Strickland</u> standard is applicable to claims of ineffective trial and appellate counsel. <u>Philmore v. McNeil</u>, 575 F.3d 1251 (11th Cir. 2009). <u>Strickland</u>

requires a criminal defendant to show: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. Id. at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id.

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. Strickland, 466 U.S. at 697.

Combining AEDPA's habeas standard and Strickland's two-pronged test provides the relevant inquiry in this case. To obtain habeas relief, Binns must show the state court "applied Strickland to the facts of his case in an objectively unreasonable manner" when it rejected his claims of ineffective assistance of counsel. Bell v. Cone, 535 U.S. 685, 699 (2002).

## VI. Discussion
### Ineffective Assistance of Trial Counsel
#### Claim 1: Bill of particulars

Binns contends trial counsel was ineffective for failing to file a motion for statement of particulars requiring the State to

11

narrow the date and time of the charged offenses. Binns states this crippled his ability to present an alibi defense.

The federal constitution requires an information to (1) contain all the elements of the offense and fairly inform the defendant of the charges against which he must defend; and (2) enable the defendant to plead an acquittal or conviction that would bar future prosecutions for the same offense. United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007) (quoting Hamling v. United States, 418 U.S. 87, 119 (1974). The Florida Rules of Criminal Procedure require an information to state as accurately as possible the time and place of the commission of the offense charged. Fla. R. Crim. P. 3.140(d)(3). Counsel can move for a statement of particulars if the time and date stated are too indefinite for counsel to prepare a defense. Fla. R. Crim. P. 3.140(n).

Binns fails to demonstrate how any alleged deficiency by counsel prejudiced him. Binns' contention he was prevented from presenting an alibi defense is refuted by the record. The victim stated in a pre-trial deposition that the sexual offenses began within a few weeks after she and her sister arrived in the United States. See [DE# 14 at 63]. This deposition occurred on August, 13, 2003 -- nearly a year before Binns' July 28, 2004, trial. (T. 252). Further, Binns admitted at trial he lived with his daughters for over two years while his wife remained in Jamaica. (T. 370). The alibi defense Binns currently raises – that he was out of the country when the offenses allegedly occurred – would not have exculpated him. Binns has submitted affidavits of his sisters, Marjorie Lim Sang and Primrose Walcott, and his brother, Oral Binns, stating that Binns was in Jamaica between August 25, 1997, and March 10, 1998. [DE# 14 at 56-59]. However, the offenses occurred outside that time period after the girls arrived in the

United States on October 10, 1998. Under these circumstances there is no reasonable probability that counsel's alleged deficiency prejudiced Binns' defense. See Damron v. Florida, 2009 WL 1514269 (M.D. Fla. May 29, 2009) (statement of particulars would not have made a difference in preparing a defense where the victim described incidents of sexual battery in detail, including specific locations and approximate dates, in a deposition nearly a year before trial).

Claims 2 & 5: Investigate and present defenses

Binns argues trial counsel failed to investigate and present evidence of alibi and innocence defenses. He claims his sisters would have testified he was out of the country when the offenses occurred and that counsel failed to explore a "plethora" of other evidence supporting Binns' innocence.

Any failure to investigate an alibi defense did not prejudice Binns because the proffered alibi does not cover the relevant time period. See Claim 1, supra. Binns' claim counsel allegedly failed to investigate a "plethora" of evidence is facially insufficient. He does not identify the evidence or explain why it was exculpatory. Vague and conclusory allegations are insufficient to support relief. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, speculative and unsupported claims cannot support relief for ineffective assistance of counsel).

Claim 3: Investigate witness bias

Binns contends counsel failed to investigate his wife Glorine's bias and motive to entice the girls to lie that he molested them. This claim is conclusively refuted by the record.

Binns testified that Glorine coerced the victim to say he abused her because he was strict with his kids and did not let them

13

go to parties or sleep overnight at their friends' houses. (T. 371). Binns fails to identify evidence that counsel's further investigation would have revealed and explain how that evidence would have been exculpatory and not simply cumulative of the evidence adduced at trial. See Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1324 n.7 (11th Cir. 2002) ("A petitioner cannot establish ineffective assistance by identifying additional evidence that could have been presented when that evidence is merely cumulative."); Tejada, 941 F.2d at 1559 (conclusory claims insufficient).

Claim 4 & 7: Hearsay evidence

Binns argues trial counsel failed to object to hearsay evidence that: (a) Binns also abused his younger daughter, the victim's sister, who refused to testify against him; (b) the victim told others that Binns had abused her; and (c) Binns confessed to Glorine he molested the girls because he was on drugs.

(a) Binns complains counsel should have objected to hearsay statements that he molested his younger daughter who refused to testify against him.[3] Binns fails to provide transcript citations to the instances of alleged error of which he presently complains. The record reflects two instances where witnesses implied Binns had molested the victim's younger sister. First, the victim explained police first questioned her about molestation while Glorine was still in Jamaica because her sister had alleged "it had happened to her." At that time the victim denied the abuse because she was afraid of Binns. The second mention of the younger sister was

---

[3] Binns' allegation that his younger daughter refused to testify against him does not appear to be supported by the record. The State listed her as a character witness, to which the defense objected. (T. 177). The State continued to seek to call her and flew her back from Jamaica for trial. (T. 261).

during Detective Scarbrough's testimony. He explained that, on the day of Binns' arrest, he spoke to Glorine, the victim and the younger sister separately and got sworn statement from each. (T. 272-73).

These passing comments illustrate the sequence of events that led police to question the victim about sexual allegations and why she initially denied them, and how the allegations leading to the present trial finally accrued. The State courts examined these statements and concluded they did not violate the Florida Rules of Evidence. <u>See</u> § 90.404(2)(b), Fla. Stat. (addressing admissibility of similar crime evidence in cases of child sexual abuse); <u>Saffor v. State</u>, 660 So. 2d 668, 672 (Fla. 1995) (setting forth the relaxed standard for admissibility of collateral crime evidence in the context of familial sex abuse at the time of trial), superceded by statute as stated in <u>McLean v. State</u>, 934 So. 2d 1248 (Fla. 2006). As such, they provide no basis for federal habeas relief. <u>See</u> <u>High v. Kemp</u>, 819 F.2d 988, 996 (11th Cir. 1987) (admissibility of other crimes as evidence of guilt was question of state evidentiary rules and not a basis for habeas relief). Accordingly, they provide no basis for a habeas claim of ineffective assistance of counsel.

(b) Counsel was not ineffective for failing to object to the victim's hearsay statements that Binns molested her because the victim testified at trial. A statement is not hearsay under the Florida Rules of Evidence if "the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is: ... [c]onsistent with the declarant's testimony and is offered to rebut and express or implied charge against the declarant of improper influence, motive, or recent fabrication." § 90.801(2)(b), Fla. Stat. The victim

15

testified at trial that Binns molested her while her mother was living out of the country. She waited several years to report the offenses because she was afraid of Binns. The defense's theory was that the victim and her mother concocted the story of abuse because Binns was too strict with his children. The victim testified at trial and Binns had an opportunity to cross-examine her. Therefore counsel was not ineffective for failing to object to the victim's hearsay statements at trial. See Campbell v. Herdon, 302 Fed. Appx. 864 (11th Cir. 2008) (counsel not ineffective for failing to object to hearsay of child molestation victim through officer, school guidance counselor and videotaped interview because the victim testified at trial and was subject to cross-examination).

(c) Nor was counsel ineffective for failing to object to Glorine's testimony that Binns confessed. The Florida Rules of Evidence provide that a party's own admission falls under an exception to the hearsay rule. § 90.803(18)(a), Fla. Stat. Therefore, Binns' statements admitting he had molested the victim is admissible and not barred by the hearsay rule. See Pieczynski v. State, 516 So. 2d 1048 (Fla. 3d DCA 1987) (defendant's statement to friend that he was sorry for abusing the friend's son and could not help himself was and admissible admission from which guilt could be inferred); Franco v. State, 376 So. 2d 1168, 1170 (Fla. 1979) ("A wrongdoer who voluntarily speaks to another of his wrongdoings, only has the hope or expectation, not a constitutionally protected right, that the other person will not breach his confidence and testify as to the contents of their conversations."). Counsel was not ineffective for failing to object to admissible evidence. See Thomas v. Jones, 891 F.2d 1500 (11th Cir. 1990) (counsel did not err in failing to object to evidence that was admissible under state law); Hall v. Wainwright, 733 F.2d 766, 770 (11th Cir. 1984) (federal court's authority to review state evidentiary rulings in

habeas corpus action is limited).

### Ineffective Assistance of Appellate Counsel

Claim 6: Firearm

Binns argues appellate counsel should have argued his gun was improperly admitted into evidence because he was not charged with an armed offense. Appellate counsel was not ineffective for failing to raise this issue on direct appeal because it lacks merit.

Evidence of uncharged crimes is admissible under Florida law if it is relevant to prove a material fact in issue other than the defendant's bad character or propensity. Williams v. State, 621 So. 2d 413 (Fla. 1993). A material facts may include proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. § 90.404(2)(a), Fla. Stat. Such evidence is necessarily prejudicial to the defendant; the question is whether the probative value is substantially outweighed by the danger of undue prejudice. Williams, 621 So. 2d at 415.

In the instant case, the trial court admitted the gun into evidence to explain why the victim was afraid of Binns and did not immediately report the molestation. (T. 220-21). This ruling is correct under Florida's rules of evidence because it explained the victim's fear of her father and failure to report the crime immediately and was not unduly prejudicial. See Bell v. State, 798 So. 2d 47 (Fla. 4th DCA 2001) (evidence of defendant's uncharged physical abuse of his wife explained why his daughter, the victim, did not report her sexual abuse for several years and to refute the defendant's implication that the daughter only reported the alleged abuse as a matter of her mother's revenge); see also Thomas v. Jones, 891 F.2d 1500 (11th Cir. 1990) (counsel did not err in failing to object to evidence the murder victim was raped, where

17

defendant was only charged with murder, because the evidence was admissible under state law to show motive and intent to kill the victim); High v. Kemp, 819 F.2d 988, 996 (11th Cir. 1987) (admissibility of other crimes as evidence of guilt was question of state evidentiary rules and not a basis for habeas relief).

Accordingly, appellate counsel was not ineffective for failing to raise this meritless issue on direct appeal. Diaz v. Sec'y, Dep't of Corr., 402 F.3d 1136 (11th Cir. 2005) (nonmeritorious claims that are not raised on appeal do not constitute ineffective assistance of counsel).

Claim 8: Hearsay evidence

Binns argues appellate counsel should have argued on direct appeal that Glorine's hearsay testimony that Binns admitted abusing his daughters was erroneously admitted.

As set forth in the discussion of Claims 4 & 7(a), supra, no hearsay error occurred under Florida law or was preserved for appellate review. Accordingly, there were no grounds upon which to appeal. See Diaz, 402 F.3d at 1136 (nonmeritorious claims that are not raised on appeal do not constitute ineffective assistance of counsel); see also Card v. Dugger, 911 F.2d 1494, 1520 (11th Cir. 1990)(appellate counsel cannot be ineffective where the issue was not properly preserved).

Claim 9: Sufficiency of the evidence

Binns contends appellate counsel failed to argue the evidence was insufficient to support a conviction for familial custodial sexual battery. This claim fails because there was no meritorious claim of insufficient evidence that counsel could have raised.

Evidence including testimony from the victim and Binns' wife Glorine established that Binns sexually molested the victim on several occasions. Binns denied these allegations. The jury weighed the evidence, believed the victim, and found Binns guilty. <u>See Buckner v. State</u>, 714 So. 2d 384 (Fla. 1998) (motion for judgment of acquittal should be denied if the jury could infer guilt from competent evidence viewed in the light most favorable to the state); <u>see also United States v. Vazquez</u>, 53 F.3d 1216, 1225 (11th Cir. 1995) ("when a defendant takes the stand in a criminal case and exposes his demeanor to the jury, the jury may make adverse determinations about his credibility and reject his explanation as a complete fabrication"). The evidence was legally sufficient to support the jury's factual determination and therefore there was no basis for counsel to raise sufficiency of the evidence on direct appeal. <u>See Diaz</u>, 402 F.3d at 1136 (nonmeritorious claims that are not raised on appeal do not constitute ineffective assistance of counsel); <u>Card</u>, 911 F.2d at 1520 (same).

<u>Claim 10: Prosecutorial misconduct</u>

Binns contends the State's closing argument improperly shifted the burden of proof, vouched for the victim's credibility and gave the prosecutor's personal opinion. He argues appellate counsel should have raised this unpreserved issue as fundamental error.

Under Florida law, trial counsel's failure to object to an alleged error bars appellate review except in cases of "fundamental error," that is, an error that vitiates the fairness of trial to such an extent that "a verdict of guilty could not have been obtained without the assistance of the alleged error." <u>Porter v. Crosby</u>, 840 So.2d 981, 984 (Fla. 2003); <u>Jackson v. Dugger</u>, 931 F.2d 712, 715 n.7 (11th Cir. 1991).

The record demonstrates that the State's closing argument did not constitute fundamental error. The prosecutor's remarks were essentially fair comment on the evidence and credibility of the witnesses. Even if one or two of the prosecutor's comments exceeded the bounds of propriety, it cannot be said that these arguments infected the entire trial and caused a denial of fundamental fairness. The victim's own daughter explicitly described how he sexually molested her. The victim and her mother, Binns' wife, described how he admitted the abuse. The defense at trial was that Binns' wife and daughter made up the abuse because he was too strict as a parent. The trial court instructed the jury that the attorneys' arguments were not evidence and that they were to reach their own conclusions about the evidence. Thus, there is no reasonable probability that the result of the trial would have been different if these arguments had not occurred. See, e.g., United States v. Thomas, 8 F.3d 1552 (11th Cir. 1993) (prosecutor's argument addressing evidence that might have supported the defense did not so prejudice the defendant that is constituted reversible error given the nature of the evidence defendant introduced); Petit-Homme v. McNeil, 2009 WL 1884399 (S.D. Fla. June 30, 2009) (even if one or two of the prosecutor's comments were improper, this did not vitiate the fairness of the entire trial); Davis v. Singletary, 853 F.Supp. 1492, 1564 (M.D. Fla. 1994) ("the prosecutor's comments regarding the veracity of the State's witnesses, although enthusiastic, did not cross the bounds of impropriety. Even if the Court found that the prosecutor's remarks were improper, the Court cannot find that the remarks had a prejudicial affect on the substantial rights of Petitioner.").

Since the prosecutor's final argument did not vitiate the fairness of the entire trial, appellate counsel cannot be deemed ineffective for failing to raise this issue as fundamental error.

20

<u>Diaz</u>, 402 F.3d at 1142.

<u>Claim 11: Outburst</u>

Binns contends his wife, Glorine, improperly bolstered the victim's testimony with an emotional outburst during the State's closing argument.

During the State's first opening argument, Glorine fell to the ground and loudly cried and wailed. Security professionally removed her from the courtroom and EMS was summoned. The court immediately excused the jurors and discussed the incident with counsel. The court denied defense counsel's request for a mistrial but granted counsel's alternative request for a curative instruction. The court provided an instruction to which defense counsel did not object. Appellate counsel was not ineffective for failing to raise this issue on direct appeal because the court's curative instruction, which defense counsel requested and which the jury is presumed to have followed, admonished the jury not to consider the outburst. <u>See</u> <u>Messer v. Kemp</u>, 760 F.2d 1080 (11th Cir. 1985) (trial court did not unreasonably apply federal law by refusing to declare a mistrial following outburst by murder victim's father at the defendant, his brother; curative instructions were sufficient to counter any prejudice and the jurors repeatedly indicated they were not influenced by the incident).

Moreover, there is no reasonable probability that the victim's mother's outburst prejudiced Binns. The victim had already testified in detail how Binns, her father, repeatedly molested her. <u>Coleman v. Giles</u>, 140 Fed. Appx. 895 (11th Cir. 2005) (victim's grandmother's hysterical outburst was cured by curative instruction where the victim , defendant's thirteen-year-old stepdaughter, testified he repeatedly raped her). The victim's mother, Binns'

wife, had also testified that the abuse occurred. The outburst did not inform the jury of anything it did not already know -- the victim's mother was understandably upset that her own husband sexually molested their daughter. <u>Coleman</u>, 140 Fed. Appx. at 895 (victim's grandmother's outburst did not inform jury of anything other than the grandmother was understandably upset at the man the state accused of raping her granddaughter).

### <u>Trial Court Error</u>

<u>Claim 13:[4] Jury selection</u>

Binns argues the trial court erred in refusing to grant him an additional peremptory challenge after erroneously denying a cause challenge, resulting in the seating of an objectionable juror. The trial court denied the cause challenge of Mr. Mazzella, resulting in the seating of juror Rosenberg, who defense counsel "probably" would have struck peremptorily had an additional challenge remained. This claim provides no basis for habeas relief because it fails to allege the violation of a federal constitutional right.

The United States Supreme Court has long recognized that "peremptory challenges are not of federal constitutional dimension." <u>United States v. Martinez-Salazar</u>, 528 U.S. 304, 311 (2000). States may withhold peremptory challenges "altogether without impairing the constitutional guarantee of an impartial jury and a fair trial." <u>Georgia v. McCollum</u>, 505 U.S. 42, 57 (1992). When states choose to provide peremptory challenges, they confer a benefit "beyond the minimum requirements of fair [jury] selection," and retain discretion to design and implement their own systems. <u>Frazier v. United States</u>, 335 U.S. 497 (1948); <u>see</u> <u>Ross v. Oklahoma</u>, 487 U.S. 81 (1988). A state court's erroneous denial of

---

[4] Binns' petition skips Claim 12.

a criminal defendant's peremptory challenge is likewise governed by state law. <u>Rivera v. Illinois</u>, ___ U.S. ___, 129 S.Ct. 1446 (2009). "[I]f a defendant is tried before a qualified jury composed of individuals not challengeable for cause, the loss of a peremptory challenge due to a state court's good-faith error is not a matter of federal constitutional concern. Rather, it is a matter for the State to address under its own laws." <u>Rivera</u>, 129 S.Ct. at 1453.

Accepting Binns' contention that Mazzella should have been excused for cause,[5] this alleged error did not result in seating an unfit juror. Trial counsel would have "probably" exercised a peremptory challenge to strike juror Rosenberg had the court granted an additional peremptory. However, counsel never argued Rosenberg should have been excused for cause. <u>See</u> (T. 143). Nor has Binns explained why Rosenberg was unfit to serve on his jury. Binns' allegation he was deprived a peremptory challenge to strike a fair and impartial juror presents no constitutional violation for which habeas relief is available. <u>See</u> <u>Branan v. Booth</u>, 861 F.2d 1507, 1508 (11th Cir. 1988) (habeas should be denied where no constitutional right is implicated).

Based upon the foregoing, the State courts' rejection of Binns' claims was not contrary to or an unreasonable application of clearly established federal law. Therefore, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

_____

[5] The denial of Mazzella's cause challenge appears to have been correct under Florida law as defense counsel tacitly admitted at trial. <u>See</u> (T. 148).

SIGNED this <u>21</u><sup>ST</sup> day of September, 2009.

_____

UNITED STATES MAGISTRATE JUDGE

cc:  Leighton Binns, <u>pro</u> <u>se</u>
     DC# L53248
     South Bay Correctional Facility
     600 US Highway 27 South
     South Bay, FL 33493-2233

     August A. Bonavita, AAG
     Office of the Attorney General
     1515 North Flagler Drive
     Suite 900
     West Palm Beach, FL 33401-2299