UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61454-CIV-COHN/WHITE

LEIGHTON BINNS,

        Petitioner,

vs.

WALTER A. McNEIL,

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the Report and Recommendation regarding Leighton Binns' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"), submitted by United States Magistrate Judge Patrick A. White ("Report and Recommendation"). Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Petition [DE 1], the Response to Petition for Writ of Habeas Corpus [DE 11] ("Response"), Petitioner's Traverse Response [DE 14], the Report and Recommendation [DE 16], Petitioner's Traverse in Opposition of Magistrate's Report [DE 17] ("Objections") and is otherwise advised in the premises.

### I. BACKGROUND

The Report and Recommendation contains a comprehensive description of the underlying facts and procedural history of Mr. Binns' proceedings. See DE 16 at 1-8. Therefore, the Court will only briefly describe this matter at the outset and will go into greater factual detail in addressing the twelve claims raised in Mr. Binns' Petition.

Mr. Binns was charged with sexual battery by a person with familial or custodial authority and four counts of indecent assault for allegedly molesting his two daughters.

Charges pertaining to the younger daughter were eventually dropped and trial proceeded only as to the older daughter.  After a trial conducted in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, the jury found Mr. Binns guilty as charged.  The court sentenced him to life for sexual battery and fifteen years for the indecent assaults, to be served concurrently.

Mr. Binns filed the instant Petition on September 5, 2008, raising numerous claims of ineffective assistance of trial and appellate counsel and trial court error.  Petitioner argues that his trial counsel was ineffective for failing to: file a motion for bill of particulars (Claim 1); investigate two alibi witnesses (Primrose Walcott and Marjorie Lim Sang) who would have testified that Binns was in Jamaica at the time the offenses occurred (Claim 2); investigate his wife's bias and motive to entice his daughters to lie about the alleged incident (Claim 3); object to testimony regarding molestation of a victim who refused to testify against him (Claim 4); investigate and present evidence of Petitioner's actual innocence at trial (Claim 5); analyze the effect of hearsay testimony of the alleged victims who were enticed to lie by their mother, Glorine Binns (Claim 7).

Mr. Binns also argues that his appellate counsel was ineffective for failing to: raise the issue that a gun was admitted into evidence at trial where Petitioner was not charged with any firearm offense (Claim 6); argue Glorine Binns' hearsay testimony that Petitioner admitted abusing his daughters was erroneously admitted (Claim 8); raise the issue preserved by Petitioner's motion for judgment of acquittal that there was insufficient evidence of familial custodial sexual battery (Claim 9); argue the State's closing argument shifted the burden of proof and constituted prosecutorial misconduct (Claim 10); argue the victim's mother fell to the ground and disrupted the court

proceedings and the trial court erred in denying Mr. Binns' motion for a mistrial (Claim 11). Mr. Binns also argues the trial court erred in refusing to grant him an additional peremptory challenge after erroneously denying a cause challenge, resulting in the seating of an objectionable juror (Claim 12).

## II. ANALYSIS

Mr. Binns' Objections essentially reargue the twelve claims raised in his Petition, all of which were considered and rejected by Judge White. As a general matter, the majority of claims raised in Mr. Binns' Petition are based on ineffectiveness of either his trial counsel or his appellate counsel. To establish ineffective assistance of counsel, a defendant must show both that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). The performance element requires the Petitioner to show that "his counsel's representation fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place." Cummings v. Sec'y for the Dep't of Corr., 588 F.3d 1331, 1356 (11th Cir. 2009) (internal quotation omitted). In assessing the reasonableness of counsel's performance, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689 (quotation marks omitted). The prejudice element requires the Petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 695.

3

Mr. Binns' claims also take issue with conclusions reached by the state trial court. Accordingly, it is important to bear in mind that "[t]he function of federal habeas corpus is to redress constitutional errors, not to relitigate state criminal cases." Mize v. Hall, 532 F.3d 1184, 1195 (11th Cir. 2008) (citing Herrera v. Collins, 506 U.S. 390, 401 (1993)). Consistent with this function, claims which have been adjudicated on the merits in state court are subject to deference. Specifically, 28 U.S.C. § 2254 provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, this Court's review of Petitioner's state court conviction and sentence "is greatly circumscribed and is highly deferential to the state courts." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). In light of these standards, the Court has considered Mr. Binns' Objections and, for the reasons discussed below, agrees with Judge White that the claims lack merit and the Petition must be denied.

Ground One: Petitioner argues that he was denied effective assistance of counsel because his counsel did not file a motion for a bill of particulars. See DE 17 at 7. "Counsel's failure to submit said motion crippled Petitioner's ability to tender an alibi defense." Id. The Objections set forth the following argument in support of this claim:

> The first information charging the alleged crime occurred in October 10, 1997. It should be noted at post [sic] trial but after the depositions were taken the prosecution amended the information to reflect the dates of 1998 and 1999 of the alleged offense. However, the victims' statement, Police affidavit, depositions, before trial was that the incident occurred the first week and the second week of their arrival in America on October 1997.

Id.

The Supreme Court has identified two constitutional requirements for an indictment: that it (1) contain all the elements of the offense and fairly inform the defendant of the charges against which he must defend; and (2) enable the defendant to plead an acquittal or conviction that would bar future prosecutions for the same offense. United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007). In addition, the Florida Rules of Criminal Produce provide that "[t]he court, on motion, shall order the prosecuting attorney to furnish a statement of particulars when the indictment or information on which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable the defendant to prepare a defense." Fla. R. Crim. P. 3.140(n).

As argued in the Response, "there was no basis upon to file a motion for a statement of particulars, because the information sufficiently advised Petitioner of the nature and cause of the accusation against him as well as the time-period, i.e., between October 10, 1998 and November 30, 1999." DE 11 at 17. Indeed, Mr. Binns acknowledges in his Objections that the information he was tried upon reflected such dates. DE 17 at 7 ("[T]he prosecution amended the information to reflect the dates of 1998 and 1999 of the alleged offense."). Binns' alibi argument appears to be based on

deposition testimony and statements inconsistent with the information, rather than addressing the dates contained within the information itself.

Judge White points out that "[t]he alibi defense Binns currently raises – that he was out of the country when the offenses allegedly occurred – would not have exculpated him." DE 16 at 12. Judge White's conclusion is based on the following reasoning:

> Binns has submitted affidavits of his sisters, Marjorie Lim Sang and Primrose Walcott, and his brother, Oral Binns, stating that Binns was in Jamaica between August 25, 1997 and March 10, 1998. [DE #14 at 56-59]. However, the offenses occurred outside that time period after the girls arrived in the United States on October 10, 1998.

DE 16 at 13. Therefore, the Court finds Binns cannot establish his counsel was ineffective for failing to file a motion for a bill of particulars because (1) the information contained a time frame when the offenses occurred; and (2) Binns' alibi defense would not place him outside of the United States during that time frame.

Ground Two: Petitioner argues that his counsel was ineffective due to counsel's failure to investigate Petitioner's alibi defense. Mr. Binns argues that he informed his counsel that there were two witnesses, Primrose Walcott and Marjorie Lim Sang, who could have provided testimony that Binns was in Jamaica at the time the offenses allegedly occurred. See DE 17 at 7. As discussed in connection with Ground One, the evidence regarding Mr. Binns' alibi does not place him outside of the United States during the relevant time period. Further, the Response sets forth the following additional evidence which undermines Petitioner's alibi defense:

> [T]he victim testified that she was born in 1984, and that she was molested by Petitioner when she was 14 years old, which confirms the 1998 date of the crime (Exhibit 3, sub ex. 2, tr. 201-269). Additionally, the mother of the victim testified that she sent the children to the United States on October 18, 1998, which also confirms the 1998 date of the crime (Exhibit 3, sub ex. 2, tr. 295). Finally, there is nothing in the testimony of Petitioner which would have established an alibi defense during the dates noted in the information (Exhibit 3, sub ex. 2, tr. 357-381).

DE 11 at 19. Accordingly, this ground does not establish that Petitioner's trial counsel was ineffective.

Ground Three: Petitioner argues that he was denied effective assistance of counsel because counsel failed to raise and investigate Glorine Binns' motive for her purported bias against Petitioner. DE 17 at 7-8. Mr. Binns argues that he repeatedly advised counsel to investigate this issue and to call witnesses at trial to testify that Glorine Binns had threatened her husband with prison. Id. at 8.

The Objections articulate Glorine Binns' motive as follows:

> Around June or July of 1998, Leighton returned to America, after receiving his greencard from Texas. Eventually on November 10, 2001, Leighton was able to [bring] his wife to America. Leighton Binns' problems started during this time from 1998 till 2001. Glorine Binns became jealous and vindictive toward her husband, believing he had another women [sic] in America. Glorine [enticed] her daughter[s] to lie against their father that he sexually molested them. Glorine was in Jamaica alone, wanting for Leighton to send her money. Leighton was unable to send her money as he used in [sic] taking care of four children. Glorine made the remark in Jamaica to Leighton's sister, Primrose Walcott, that she was going to put Leighton in [jail]. In 2001, when entering into America, she made good on that threat.

DE 17 at 2.

The Court agrees with Judge White's reasoning on this ground. "Binns fails to identify evidence that counsel's further investigation would have revealed and explain

7

how that evidence would have been exculpatory and not simply cumulative of the evidence adduced at trial." DE 16 at 14 (citing Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1324 n.7 (11th Cir. 2002) ("A petitioner cannot establish ineffective assistance by identifying additional evidence that could have been presented when that evidence is merely cumulative."); Tejada v. Dugger, 941 F.2d 1551 (11th Cir. 1991)). Moreover, any such evidence would necessarily have to be admissible in order to establish that Petitioner was prejudiced. See DE 11 at 20-21. The Response identifies several ways in which Mr. Binns' counsel pursued the angle of Glorine Binns' bias and motive at trial.

> Petitioner's claim ignores the fact that counsel extensively cross examined the victim and raised matters pertaining to any potential bias or motive (Exhibit 3, sub ex. 2, tr. 235-266). Petitioner testified that Glorine told him that she was going to "F" me whatever way she can (Exhibit 3, sub ex. 2, tr. 368). Then in closing argument, the defense argued that Glorine and the victim got together and made up the claim that [Petitioner] threatened them with a gun because they were not happy with him (Exhibit 3, sub ex, 2, tr. 438-39).

DE 11 at 20. Therefore, this ground fails to establish Mr. Binns' trial counsel was ineffective.

Ground Four: In the Report and Recommendation, Judge White thoroughly addresses Petitioner's claim that his trial counsel was ineffective for failing to object to hearsay testimony that: (a) Binns also abused his younger daughter, the victim's sister, who refused to testify against Binns; (b) the victim told others that Binns had abused her; and (c) Binns confessed to Glorine Binns that he molested the girls because he was on drugs. See 16 at 14-17. In his Objections, Petitioner argues that the "trial court

8

committed reversible error when it failed to" sustain trial counsel's objections to hearsay testimony relating to Binns molesting the victim's younger sister. DE 17 at 8.

The Objections' attempt to shift focus onto the trial court, rather than Petitioner's trial counsel, do not change the result. Judge White found that the hearsay objections raised by Binns lack merit and, therefore, they provide no basis for relief whether framed as ineffective assistance of counsel or reversible error by the trial court. Similarly, the Objections also base Grounds Seven and Eight on Binns' contention that impermissible hearsay was admitted in his trial. Based on Judge White's reasoning, with which this Court agrees, Grounds Seven and Eight also fail to establish meritorious grounds for habeas relief.

Ground Five: Petitioner argues that his trial counsel was ineffective due to his failure to present evidence supporting Mr. Binns' claim that he is actually innocent. DE 17 at 9. Petitioner does not point to any specific evidence which his counsel should of, but did not, present at Petitioner's trial. Instead, the Objections state that "[c]ounsel had a plethora of evidence at his disposal that supported petitioner's innocence had counsel investigated the facts [of the] case." Id.

"'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted)). Mr. Binns fails to point to any "reliable

9

evidence not presented at trial" which would establish his actual innocence. Calderon, 523 U.S. at 559.[1] Accordingly, this ground fails to establish a basis for relief.

Ground Six: Petitioner argues that his appellate counsel was ineffective for failing to raise the issue of a firearm being admitted into evidence at Petitioner's trial. The Objections argue that the gun should not have been admitted because (1) Mr. Binns was not charged with an offense involving a firearm, (2) the gun was discovered at the time of the arrest, and (3) the firearm was "more unfairly prejudicial" than it was probative. DE 17 at 10.

The trial court admitted the gun into evidence finding that it corroborated the victim's testimony regarding why she did not immediately report the molestation. In describing why she felt threatened by Petitioner, the victim specifically mentioned the gun. See DE 11 at 27. Accordingly, the trial court concluded that the gun's probative value was not substantially outweighed by the danger of unfair prejudice. See id. The trial court's decision is consistent with Florida law. See Bell v. State, 798 So. 2d 47 (Fla. 4th DCA 2001) (evidence of defendant's uncharged physical abuse of his wife was admitted to explain why it took his daughter years to report sexual abuse). Therefore, Petitioner fails to establish that his appellate counsel was ineffective for failing to raise this issue.

---

[1] The Court notes that in connection with other grounds raised in his Objections, Petitioner does point to specific evidence that was not presented at trial. The Court has addressed all such evidence in the context of the ground in which it was raised. Therefore, the Court will not repeat its analysis in response to Petitioner's general argument which lacks the requisite particularity.

<u>Ground Nine</u>: Petitioner argues that his appellate counsel was ineffective for failing to raise the insufficiency of evidence argument addressed by Petitioner's motion for judgment of acquittal. Petitioner's trial counsel filed this motion and argued that the State failed to present sufficient evidence to establish a *prima facie* case against Petitioner.

The Court is in full agreement with Judge White's analysis of this issue.

> This claim fails because there was no meritorious claim of insufficient evidence that counsel could have raised. Evidence including testimony from the victim and Binns' wife Glorine established that Binns sexually molested the victim on several occasions. Binns denied these allegations. The jury weighed the evidence, believed the victim, and found Binns guilty.

DE 16 at 18-19. The Objections set forth evidence in support of Binns' contention that he did not commit the offenses for which he was found guilty. <u>See</u> 17 at 16-18. As mentioned, "[t]he function of federal habeas corpus is . . . not to relitigate state criminal cases," <u>Mize</u>, 532 F.3d at 1195, and Petitioner does not establish that his appellate counsel was ineffective for failing to raise this argument on appeal.

<u>Ground Ten</u>: Petitioner argues that the State's closing argument constituted prosecutorial misconduct amounting to reversible error. DE 17 at 19. In turn, Petitioner argues that his appellate counsel was ineffective for not raising this issue on appeal. <u>Id.</u> Specifically, Petitioner argues that the prosecutor improperly shifted the burden of proof, vouched for the victim's credibility and gave his personal opinion.

Petitioner's argument is meritless. First, the issue was not properly preserved for appeal because Binns' trial counsel did not move for a mistrial. <u>See</u> <u>Allen v. State</u>, 662 So. 2d 323, 328 (Fla. 1995) ("To preserve an allegedly improper prosecutorial comment

for review, a defendant must object to the comment and move for a mistrial.").

Second, trial counsel's failure to preserve the issue bars appellate review unless Petitioner can establish a "fundamental error." See Archer v. State, 934 So. 2d 1187, 1205 (Fla. 2006) ("[A]ppellate counsel cannot be ineffective for failing to raise issues not preserved for appeal. The only exception to this rule is when the claim involves fundamental error.") (citations omitted). Fundamental error is error that "reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Kilgore v. State, 688 So. 2d 895, 898 (Fla. 1997) (quoting State v. Delva, 575 So. 2d 643, 644-45 (Fla. 1991)). The Court agrees with Judge White that Petitioner fails to meet this high burden.

Ground Eleven: Petitioner argues that his appellate counsel was ineffective for failing to raise the issue concerning the victim's mother's outburst during trial. DE 17 at 21. During one point in the prosecutor's initial closing argument, Glorine Binns fell to the ground and cried loudly. She was removed from the courtroom and EMS was called.

The Court immediately excused the jury to discuss the incident with counsel, at which point Petitioner's trial counsel moved for a mistrial, or in the alternative, a curative instruction. The court denied counsel's request for a mistrial but did give the following curative instruction to the members of the jury upon their return:

> [B]efore [the prosecutor] resumes her argument, let me advise you that
> you must base your verdict solely on the evidence that is presented in this
> courtroom and on the law that this Court will instruct you. Please do not
> be in anyway influenced by the outburst that you witnessed just a few
> moments ago. It has nothing to do with this case. Please put it out of
> your mind. Base your verdict solely on the evidence and solely on the law
> that this Court will instruct you. During the instruction, when I give you the
> instructions, I will tell you that prejudice, bias or sympathy have no role in

> the case. And basically, you should not have prejudice, bias or sympathy for or against the State or for or against the defendant, and base your verdict in this case simply on the evidence and on the law.

DE 16 at 6 (quoting T. 410)). Based on these circumstances, Petitioner cannot establish a reasonable probability that raising this issue on appeal would have changed the outcome. See Coleman v. Giles, 140 Fed. App'x 895 (11th Cir. 2005) (rejecting ineffective assistance of counsel claim where evidence did not demonstrate that victim's grandmother's hysterical outburst had any effect on the jury's ultimate determination of guilt); Griffin v. City of Opa-Locka, 261 F.3d 1295, 1302 (11th Cir. 2001) ("[B]ecause the trial judge is in the best position to assess the prejudicial effect of an emotional outburst, the decision whether to grant a mistrial lies within his sound discretion.").

Ground Twelve:[2] Petitioner argues that the trial court erred in refusing to grant Petitioner an additional peremptory challenge. DE 17 at 22. Petitioner argues that such relief was warranted because the trial court erroneously denied a challenge for cause. Id.

The trial court denied the cause challenge of Mr. Mazzella. During voir dire, Mr. Mazzella testified that his wife was sexually molested when she was four years old. See DE 11 at 36. The court rejected Petitioner's challenge for cause because Mr. Mazzella did not state that he could not be fair and impartial. Petitioner's trial counsel used its final peremptory challenge to strike Mazzella from the jury. Petitioner's trial

---

[2] The Objections explain that Ground Twelve was mistakenly identified as Claim Thirteen in the Petition. Accordingly, the Court's analysis of Ground Twelve in this Order corresponds to discussion of Claim Thirteen in earlier filings, including the Report and Recommendation.

counsel raised an objection to the final jury panel stating that if he was not required to use his final peremptory on Mr. Mazzella, he "'most likely would have back-struck Abbey Rosenberg.'" DE 11 at 38 (quoting Exhibit 3, sub ex. 2 tr. 153).

As explained by Judge White, these circumstances do not establish the violation of a federal constitutional right.

> Accepting Binns' contention that Mazzella should have been excused for cause, this alleged error did not result in seating an unfit juror. Trial counsel would have "probably" exercised a peremptory challenge to strike juror Rosenberg had the court granted an additional peremptory. However, counsel never argued Rosenberg should have been excused for cause. See (T. 143). Nor has Binns explained why Rosenberg was unfit to serve on his jury. Binns' allegation he was deprived a peremptory challenge to strike a fair and impartial juror presents no constitutional violation for which habeas relief is available. See Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (habeas should be denied where no constitutional right is implicated).

DE 16 at 23. The Objections press the argument that Mr. Mazzella should have been dismissed for cause, but they do not provide any grounds to conclude that Ms. Rosenberg was biased or unfit to serve on the jury. Accordingly, Mr. Binns fails to establish a constitutional violation. See United States v. Martinez-Salazar, 528 U.S. 304 (2000).

## III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report of United States Magistrate Judge Patrick A. White [DE 16] is **ADOPTED**.

2. Mr. Binns' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [DE 1] is **DENIED with prejudice**.

3. All pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 5th day of February, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

Leighton Binns
DC #L53248
South Bay Correctional Facility
600 U.S. Highway 27 South
P.O. Box 7171 G-1
South Bay, FL 33493