UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61454-CIV-COHN/WHITE

LEIGHTON BINNS,

        Petitioner,

vs.

WALTER A. McNEIL,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court on Petitioner's Motion for Reconsideration [DE 19] ("Motion"). Petitioner's Motion requests that the Court reconsider its Order Adopting Report and Recommendation [DE 18] which denied Petitioner's Petition for Writ of Habeas Corpus. The Court has carefully considered Petitioner's Motion, the record in this case and is otherwise advised in the premises.

"'The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" Z.K. Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made[.]" Id. "In order to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Association For Disabled Americans, Inc. v. Amoco Oil Co., 211 F.R.D. 457, 477 (S.D. Fla. 2002).

Petitioner argues that "where a defendant's allegations raise factual questions, the court must either attach portions of the record refuting the allegations conclusively or conduct an evidentiary hearing." DE 19 at 6. Petitioner also contends that "[w]here a court fails to attach portions of the record refuting the defendant's claims, a failure to hold an evidentiary hearing will require reversal and a remand for an evidentiary hearing." DE 19 at 6. The Petitioner's characterization of the controlling law is inaccurate.

The "decision to grant an evidentiary hearing [is] generally left to the sound discretion of district courts." Schriro v. Landrigan, 550 U.S. 465, 473 (2007). "'[T]he judge must review the answer [and] any transcripts and records of state-court proceedings . . . to determine whether an evidentiary hearing is warranted.'" Boyd v. Allen, 592 F.3d 1274, 1304 (11th Cir. 2010) (quoting 28 U.S.C. § 2254, R. 8(a)).

> The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only allege-not prove-reasonably specific, non-conclusory facts that, if true, would entitle him to relief. If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous, the district court is required to hold an evidentiary hearing. It is in such a hearing that the petitioner must offer proof.

Aron v. United States, 291 F.3d 708, 715 n.6 (11th Cir. 2002). In other words, "a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro, 550 U.S. at 474. "Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." Id. A petitioner is not entitled to an evidentiary hearing when his claims are merely

2

"conclusory allegations unsupported by specifics." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Here, United States Magistrate Judge Patrick A. White thoroughly reviewed the record and the arguments set forth by the parties. In a comprehensive 24-page order, Judge White addressed Petitioner's 12 claims[1] and found they lacked merit. Petitioner filed Objections to the Report and Recommendation wherein her essentially reargued the 12 claims. This Court conducted a *de novo* review of the record and addressed each of the arguments raised by Petitioner. The Court reached the same conclusion as Judge White, that is Petitioner's arguments do not establish grounds for habeas relief nor do they warrant an evidentiary hearing.

Moreover, Petitioner has not alleged specific facts which, if true, would entitle him to relief. Rather Petitioner broadly claims that the jury reached the wrong result. For example, Petitioner's Motion argues that this Court overlooked the constitutional requirement that criminal charges must be proved beyond a reasonable doubt. See DE 19 at 1. The Motion, however, lacks any specific allegations or arguments to support Petitioner's claim.

In addition, Petitioner's Motion argues that the jury based its verdict on the testimony of a witness who committed perjury, id. at 3; an argument also raised in the Petition. Both this Court and Judge White found that Petitioner's counsel investigated and offered evidence in support of Petitioner's claim that his ex-wife encouraged the victim to lie. See DE 16 at 13-14; DE 18 at 7-8. The Motion does not identify any

---

[1] The Report and Recommendation addresses "Claim 13" because the Petition skipped "Claim 12."

specific evidence which would demonstrate that a witness committed perjury in Petitioner's trial. So long as Petitioner's counsel performed adequately, it is the province of the jury to determine credibility of witnesses. Petitioner "is not entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics." Boyd v. Allen, 592 F.3d 1274, 1308 (11th Cir. 2010) (affirming district court's decision that an evidentiary hearing was not warranted on claim that state knowingly relied on perjured testimony) (quotation omitted).

In sum, Petitioner's Motion fails to highlight any manifest errors or present any newly discovered evidence. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration [DE 19] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of June, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

4